# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ALEJANDRO ESPARZA,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **QUALITY COURIER, INC.,** | ) CIVIL ACTION |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW, Alejandro "Alex" Esparza, Plaintiff in the above-styled action ("Plaintiff") by and through the undersigned counsel of record, and files this, his Complaint against Defendant Quality Courier, Inc. ("QCI" or "Defendant") alleging as follows:

## NATURE OF THE ACTION

1.

Plaintiff hereby alleges that Defendant has maintained a pattern and practice of not paying him a minimum wage, not paying him overtime wages, and otherwise failing to provide statutorily mandated wages and compensation.

2.

This action is being brought under the Fair Labor Standards Act ("FLSA") 29. U.S.C. § 201 et seq. to recover unpaid wages, unpaid overtime wages and other wages for which Plaintiff was not paid in violation of the laws of the United States.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this civil action is brought pursuant to 42 U.S.C. § 201, *et al.*, commonly known as the FLSA.

4.

This court has personal jurisdiction over the parties to this action as a result of Defendant's wrongful acts. Additionally, Defendant Quality Courier, Inc. is a business incorporated and existing under the laws of the State of Georgia and the jurisdiction of this Court.

5.

Upon information and belief, venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S. C. §1391(b) because, inter alia, Defendant resides or has its primary place of business within Rockdale County, Georgia and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

6.

The Plaintiff, Alejandro "Alex" Esparza, is an individual residing in Bartow County, Georgia. Esparza is a former employee of Defendant. Esparza worked as a courier for Defendant from approximately May 2014 until approximately December 2015.

7.

Defendant Quality Courier, Inc. is a domestic business entity organized under the laws of Georgia and having its principal place of business at 1587 Lester Road, Suite B, Conyers, Georgia 30012. It may be served through its registered agent, Brandon Carter, at 1587 Lester Road, Suite B, Conyers, Georgia 30012.

## **FACTUAL ALLEGATIONS**

8.

Defendant is a successful and long-lived courier business. The business of Defendant is to transport packages and other goods from its customers to intended recipients. Defendant has at relevant all times done business in the State of Georgia.

9.

At all relevant times, Defendant had revenues and business transactions in excess of Five Hundred Thousand and 00/100 Dollars ($500,000.00) and are an enterprise engaging in commerce by: 1) having multiple employees regularly engaged in the transportation of packages shipped from outside the State of Georgia; 2) having multiple employees regularly processing out-of-state credit card sales; 3) regularly using wires in furtherance of their business.  Plaintiff's position of courier-driver is not a position involving work that would fall under the exemptions provided in 29 U.S.C. 213(a)(1) of the FLSA.

10.

Defendant has at all relevant times falsely classified Plaintiff as an independent contractor. This false classification has been occurring for at least the past year.

11.

Plaintiff primarily worked as a courier-driver. His duties included: 1) picking up packages from the distribution center; 2) driving a prescribed route to the delivery site; 3) "consolidation"; 4) delivering packages to their intended recipients. Plaintiff worked an average of 2.5 overtime hours per day for approximately two hundred thirty-eight (238) days.

12.

During his tenure with QCI, Plaintiff drove approximately One Hundred and Two Thousand Five Hundred (102,500) miles, using his own vehicles. The current reimbursement rate is Fifty-six cents per mile ($0.56/mile). Plaintiff was not reimbursed for mileage.

13.

Despite the fact that the Defendant classified Plaintiff as an independent contractor, Defendant exercised at least the following controls over Plaintiff:

(1) Plaintiff was required to purchase and wear a uniform shirt with QCI's logo and name, and identification badge;

(2) Plaintiff was required to provide his own vehicle and carry a minimum auto insurance policy of 100/300/100, and Plaintiff was required to maintain this coverage himself and was not reimbursed;

(3) Plaintiff was required to drive a route specified by QCI;

(4) Plaintiff was required to make pickups and drop-offs at QCI's customer locations;

(5) Plaintiff was required to use packaging materials provided by QCI;

(6) Plaintiff was required to consolidate packages provided by QCI, at QCI's facility and on QCI's table;

(7) Defendant further exerted control over Plaintiff's behavior by placing him on "probation" in an attempt to coerce his behavior.

14.

Plaintiff had no real control over his work, nor did he have the opportunity to control profit or loss, as Defendant, not Plaintiff, was responsible for attracting customers, marketing and promoting the business, setting pricing, and other factors.

15.

Plaintiff's relative investment was minor compared to Defendant's. Plaintiff provided a vehicle only, whereas Defendant provided the entire business infrastructure, commercial space, business licensing, marketing, shipping, and incurred other costs and risks related to the running of a business.

16.

Plaintiff's job duties required no special skills or training; none are particularly required to perform the job duties of courier-driver.

17.

Plaintiff worked for Defendant for approximately one and one-half (1.5) years. Generally, if a working relationship lasts more than one (1) year, permanency of the working relationship exists.

18.

Defendant's business model relies solely on couriers and drivers. It is the core function of the business to transport and deliver packages to its customers. Plaintiff has no independent courier business, and in fact simply worked for Defendant as an employee.

## **COUNT I**
## **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. § 206**

19.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Complaint as if fully restated herein.

20.

At all times relevant herein, Plaintiff performed work for which the minimum wage should have been paid by Defendant, but was underpaid by Defendant in violation of the FLSA provisions requiring the payment of minimum wage.

21.

At all relevant times, Defendant was and is legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff.

22.

At all relevant times, the unlawful conduct against Plaintiff, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendant at the expense of Plaintiff. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendant and committed under the actual or apparent authority of Defendant Quality Courier, Inc., as well as their managerial employees.

23.

Upon information and belief, since at least one (1) year before the time of this filing, the practices and policies that are complained of herein have been enforced against Plaintiff. Plaintiff has been denied proper minimum wage compensation in violation of 29 U.S.C. § 206. There has been no good faith attempt on the part of Defendant to comply with the provisions of the FLSA. Therefore, these violations constitute a willful violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. §255.

24.

Defendant's wrongful and illegal conduct has deprived Plaintiff of the minimum wage to which he is statutorily entitled in an amount to be determined by a jury. Additionally, Plaintiff is entitled to his attorney's fees, expenses and costs incurred in bringing this action as provided by 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

25.

Plaintiff hereby incorporates by reference all of the allegations contained in foregoing paragraphs as if specifically set forth herein.

26.

Pursuant to 29 U.S.C. § 207, Plaintiff is entitled to be compensated at one-and-one-half times his regular wage for each and every hour worked over forty hours in any given workweek.

27.

The overtime provisions of the FLSA apply to Plaintiff, whose job duties do not fall within any exemption to the overtime requirement of 29 U.S.C. § 207.

28.

Defendant has committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Plaintiff any wage whatsoever beyond the first forty hours worked during every week of his employment.

29.

Defendant's violations of these provisions are intentional, as evidenced by the fact that no good faith attempt to comply with the FLSA has been made, in that Defendant have paid no wages to Plaintiff at all beyond the first forty hours of each week, much less appropriate overtime. Defendant is liable to Plaintiff for his unpaid wages, liquidated damages, attorney's fees and costs, interest and other such relief as is provided in 29 U.S.C. § 216(b).

## **CONCLUSION**

WHEREFORE, Plaintiff prays that this Court:

(a) Find that Defendant willfully violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime wages;

(b) Issue a judgment against Defendant for all unpaid wages, mileage, interest, attorney's fees, costs, and compensatory and punitive damages, and all other allowed forms of relief as provided by 29 U.S.C. §216(b);

(c) Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b); and

(d) For such other and further relief as this Court deems just and equitable.

Plaintiff hereby demands a TRIAL BY JURY.

Respectfully submitted this 8th day of March 2016.

|  |  |
|---|---|
| SMITH COLLINS, LLC<br>8565 Dunwoody Place<br>Building 15, Suite B<br>Atlanta Georgia, 30350<br>(678) 245-6785<br>Anthony@SCPLegal.com | */s/ W. Anthony Collins, Jr.*<br>W. Anthony Collins, Jr.<br>Ga. Bar No. 141712 |